IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BERNARD GIBSON, SR., : | |
| : | |
| Petitioner : | |
| : | CIVIL NO. 3:CV-12-0747 |
| v. : | |
| : | (Judge Caputo) |
| B. A. BLEDSOE, : | |
| : | |
| Respondent : | |

**M E M O R A N D U M**

**I.   Introduction**

On April 20, 2012, Bernard Gibson, Sr., an inmate housed at USP-Lewisburg, in Lewisburg, Pennsylvania, filed this *pro se* petition for a writ of habeas corpus pursuant 28 U.S.C. § 2241.[1]  (Doc. 1, Pet.)  In his petition, Mr. Gibson asserts that he is being held under a void judgment as his life sentence was vacated by the Fourth Circuit Court of Appeals with the instruction that he be sentenced to a term of imprisonment not to exceed thirty years.  (*Id.*)  Also pending before the Court is Mr. Gibson's Motion to Amend his habeas petition and four similarly based motions for Judgment.  (Docs. 7, 9-12.)  For the reasons that follow, the petition, motion to amend, and motions for judgment will be denied.

---

[1] For the convenience of the reader of this document in electronic format, hyperlinks to authority cited herein have been inserted.  The Court accepts no responsibility for, and does not endorse, any product, organization, or content any hyperlinked site, or at any site to which that site might be linked.  The Court accepts no responsibility for the availability or functionality of any hyperlink.  Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of this Court.

## II. Background

After a jury trial, Mr. Gibson was convicted of conspiracy to possess with intent to distribute heroin and cocaine in violation of 21 U.S.C. § 846. After the Fourth Circuit Court of Appeals affirmed the imposition of a mandatory life sentence, the United States Supreme Court vacated the judgment and remanded the case to the Fourth Circuit for further consideration in light of *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000).[2] On remand the Fourth Circuit affirmed the conviction but vacated the life sentence and remanded the case with instructions to sentence Mr. Gibson to a term of imprisonment not to exceed the thirty-year statutory maximum provided at 21 U.S.C. § 841(b)(1)(c). *United States v. Gibson*, 18 F. App'x 85 (4th Cir. 2001). Upon resentencing, Mr. Gibson's life sentence was reimposed. Mr. Gibson appealed.

The Fourth Circuit Court of Appeals opinion denying Mr. Gibson's appeal following his resentencing, sets forth the following relevant factual and procedural background.

> Bernard Gibson, Sr., and Marston Edward Blue appeal the life sentences imposed by the district court on resentencing for their convictions for conspiracy to distribute heroin and cocaine and for Blue's conviction for possession with intent to distribute heroin. They contend that the district court erred by failing to follow our mandate in *United States v. Gibson*, Nos. 96-4369, 96-4459, 2001 WL 1019343, 18 Fed. Appx. 85 (4th Cir. Sept. 6, 2001)(unpublished), *cert. denied,* 534 U.S. 1117, 122

---

[2] The *Apprendi* rule requires that "other than the fact of prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." 530 U.S. at 490, 120 S.Ct. at 2362-63.

S.Ct. 929, 151 L.Ed.2d 891 (2002). Finding no reversible error, we affirm.

In vacating Gibson's and Blue's sentences and remanding for resentencing, we relied on the panel decision in *United States v. Cotton*, 261 F.3d 397 (4th Cir. 2001), *rev'd*, 535 U.S. 625, 122 S.Ct. 1781, 152 L.Ed.2d 860 ( 2002),[3] in holding that their mandatory life sentences violated the rule announced in *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000). We found that the statutory maximum to which Gibson and Blue were subject on the conspiracy count and to which Blue was subject on the possession-with-intent-to-distribute count was thirty years, taking into account their qualifying prior felony convictions. *See* 21 U.S.C. § 841(b)(1)(C)(West Supp. 2003). We instructed the district court to resentence Gibson and Blue consistent with *U.S. Sentencing Guidelines Manual* §§ 5G1.1(a), 5G1.2(d), and *United States v. White*, 238 F.3d 537 (4th Cir. 2001). *See Gibson*, 2001 WL 1019343, at *2.

After our decision in *Gibson* but before resentencing, the Supreme Court issued its decision in *United States v. Cotton*, 535 U.S. 625. 122 S.Ct. 1781, 152 L.Ed.2d 860 (2002), and reversed the panel decision on which [the Court] relied in *Gibson*. Applying the Supreme Court's decision in *Cotton*, the district court resentenced Gibson and Blue to life imprisonment on the conspiracy count and resentenced Blue to a concurrent term of life imprisonment on the possession-with-intent-to-distribute count. We find that the district court properly declined to follow our mandate in *Gibson* in light of the Supreme Court's intervening decision in *Cotton*. *See United States v. Aramonv*, 166 F.3d 655, 661 (4th Cir. 1999)(discussing law of the case doctrine and exceptions thereto).

. . .

---

[3] In *Cotton*, the Supreme Court held that the omission of an essential element in an indictment, such as the drug quantity, if not objected to at trial, will require reversal only if the failure amounts to plain error.

-3-

> [A] review of the record leads us to conclude that, although drug quantity was not charged in the indictment or submitted to the jury, the imposition of life sentences did not affect the fairness, integrity, or public reputation of judicial proceedings because the evidence of drug quantity in these cases was overwhelming and essentially uncontroverted. *See Cotton*, 535 U.S. at 632-33.

*United States v. Blue*, 85 F. App'x 905, 906 (4th Cir. 2004), *cert. denied, Gibson v. United States*, 541 U.S. 1081, 124 S.Ct. 2436, 158 L.Ed.2d 998 (2004), *rehearing denied*, 542 U.S. 958, 125 S.Ct. 14, 159 L.Ed.2d 844 (2004).

Mr. Gibson then filed for collateral relief under 28 U.S.C. § 2255 seeking to vacate the life sentence imposed on resentencing. The sentencing court denied the petition on May 23, 2006. *See* Doc. 6-1, Ex. 1-B, *Gibson v. United States*, Civ. No PJM-05-1437 (D. Md. May 2, 2007)(unpub. slip op.) Mr. Gibson then filed a motion for reconsideration of the denial of his § 2255 petition. (*Id*.) The sentencing court treated the motion for reconsideration as a successive § 2255 petition and denied it. (*Id*.) The Fourth Circuit Court of Appeals then denied Mr. Gibson's request for a Certificate of Appealability and dismissed the appeal. *United States v. Gibson*, 218 F. App'x 221 (4th Cir. 2007). The United States Supreme Court denied Mr. Gibson's petition for writ of certiorari. *Gibson v. United States*, 552 U.S. 982, 128 S.Ct. 458, 169 L.Ed.2d 320 (2007).

Mr. Gibson then filed a series of motions with the sentencing court which were all construed as unauthorized and successive § 2255 petitions. The first was a motion pursuant to Fed. R. Civ. P. 60(b)(1) in which he asked the court to set aside its denial of his § 2255 motions on the grounds of mistake. *See* Doc. 6-1, Ex. 1-B,

-4-

*Gibson v. United States*, Civ. No PJM-05-1437 (D. Md. May 2, 2007)(unpub. slip op.) The motion was denied. (*Id.*) Mr. Gibson filed a Petition for Writ of Audita Querela under the All Writs Act. The sentencing court construed the petition as a second or successive § 2255 petition and denied it as Mr. Gibson had not sought leave from the United States Court of Appeals for the Fourth Circuit. The sentencing court denied the petition on June 12, 2007. *See* Doc. 6-1, Ex. 1-C, *Gibson v. United States*, Civ. No. PJM-07-1293 (D. Md. Jun. 12, 2007). The Court Circuit Court of Appeals affirmed the district court's finding and denied a certificate of appealabiilty. *United States v. Gibson*, 255 F. App'x 721 (4th Cir. 2007).

Mr. Gibson then filed another a motion pursuant to Fed. R. Civ. P. 60(b). (Doc. 1 at ECF p. 15.) The motion was again denied as a successive § 2255 petition. *Gibson v. United States*, Civ. No. PJM-09-1913, 2009 WL 2398885 (D. Md. Jul. 28, 2009). The Fourth Circuit Court of Appeals denied the appeal as well as the issuance of a certificate of appealability. *United States v. Gibson*, 359 F. App'x 397 (4th Cir. 2009). Mr. Gibson then file a motion pursuant to 60(d) for reconsideration. (Doc. 1 at ECF p. 15.) It was denied by the appellate court as a successive and unauthorized § 2255 motion. *United States v. Gibson*, 459 F. App'x 283 (4th Cir. 2011). The Fourth Circuit Court of Appeals denied issuance of a certificate of appealability and dismissed the appeal. (*Id.*)

On January 3, 2011, Mr. Gibson filed a Motion for Reduction of Sentence under 18 U.S.C. § 3582(c)(2). *See United States v. Gibson*, Crim. No. PJM-94-0454, 2011 WL 1752758 (D. Md. May 6, 2011). The sentencing court denied the

motion finding that "[h]ere, where Gibson's sentence was not in fact based upon any quantity of crack cocaine, Amendment 706 has no application, and Gibson's effort to invoke it has no merit." (*Id.*) The Court affirmed the district court's decision. *United States v. Gibson*, 442 F. App'x 65 (4th Cir. 2011).

III. **Discussion**

    A. **The Instant § 2241 Petition**

A federal prisoner who wishes to challenge the validity or constitutionality of his conviction or sentence must do so by way of a motion to vacate, set aside, or correct the sentence under 28 U.S.C. § 2255. *Okereke v. United States*, 307 F.3d 117 (3d Cir. 2002); *see In re Dorsainvil*, 119 F.3d 245 (3d Cir.1997). A prisoner may not collaterally attack a federal conviction or sentence by way of a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. *See* 28 U.S.C. § 2255; *see Dorsainvil* 119 F.3d at 251-52. A federal prisoner authorized to seek relief under § 2255 may seek relief under § 2241 if he can show that the remedy available under § 2255 is "inadequate or ineffective to test that validity of his detention." *Cradle v. United States ex rel. Miner*, 290 F.3d 536, 538 (3d Cir. 2002); 28 U.S.C. § 2255(e). However, "[s]ection 2255 is not inadequate or ineffective merely because the sentencing court does not grant relief, the one-year statute of limitations has expired, or the petitioner is unable to meet the stringent gatekeeping requirements" of § 2255. *Cradle,* 290 F.3d at 539. Once relief is sought via section 2255, an individual is prohibited from filing a second or subsequent 2255 petition unless the

request for relief is based on "newly discovered evidence" or a "new rule of constitutional law." 28 U.S.C. § 2255(h). Additionally, if a petitioner improperly challenges a federal conviction or sentence under section 2241, the petition must be dismissed for lack of jurisdiction. If a defendant improperly challenges his federal conviction or sentence under § 2241, the petition must be dismissed for lack of jurisdiction. *Application of Galante*, 437 F.2d 1164, 1165 (3d Cir. 1971).

Mr. Gibson does not dispute that he has filed an unsuccessful § 2255 motion challenging the validity of his life sentence, as well as other motions, construed by the sentencing court as unauthorized and successive § 2255 motions. Respondents contend Mr. Gibson's present § 2241 petition is a ruse to attack his sentence and thus another attempt to present an unauthorized and successive § 2255 habeas petition. Mr. Gibson counters that he is "not attacking the legality of his conviction or sentence," but rather the Bureau of Prisons' (BOP) execution of his sentence. (Doc. 8, Traverse.) He alleges that the BOP is "making its own judicial determination of the judgment in this case, where there is no clarity, and where there is an ambiguous (sic) in the judgment, thus exceeding its authority in executing the duration of Petitioner's confinement". (*Id*. at ECF p. 3.) Based on Mr. Gibson's assertion of his claim, we agree with Respondents that his present habeas petition should be dismissed as a successive § 2255 petition.

Regardless of how Mr. Gibson characterizes his claim, he is challenging the validity of the life sentence imposed following the Fourth Circuit Court of Appeals remand. This matter has been litigated, and relitigated, in the District of Maryland whose decisions have been affirmed by the Fourth Circuit Court of Appeals.

-7-

Moreover, Mr. Gibson offers no explanation or argument to suggest that § 2255 is inadequate or ineffective to raise a challenge to the alleged ambiguity of his present sentence. His claims do not fall within the narrow exception outlined in *Dorsainvil*, in which § 2241 relief would be available. As previously noted, Mr. Gibson had a prior opportunity to challenge his sentence under § 2255, and did so, albeit unsuccessfully. The dismissal of his previous § 2255 motions doe not make the § 2255 remedy inadequate or ineffective. In addition, he may not resort to § 2241 simply because he cannot meet the gatekeeping requirements for second or successive § 2255 petitions. Accordingly, we must dismiss the petition for lack of jurisdiction.

Alternatively, we note that Mr. Gibson's repeated attempts to re-litigate the conclusively-resolved matter of his life sentence upon remand comes dangerously close to abuse of the writ. In *McCleskey v. Zant*, 499 U.S. 467, 111 S.Ct. 1454, 113 L.Ed.2d 517 (1991), the Supreme Court explained that the abuse of the writ doctrine generally precludes inmates from relitigating the same issues in subsequent applications or from raising new issues in subsequent habeas petitions. *Id*. at 489, 111. S.Ct. at 1468.

### B. Motion to Amend

Mr. Gibson has filed a motion to amend his habeas corpus petition to add the argument that he is being restrained by the Bureau of Prisons (BOP) by an illegal sentence. Relying on *Apprendi, supra,* which was decided while his case was

-8-

remanded to the trial court for the purpose of resentencing, Mr. Gibson claims his life sentence is unconstitutional because the drug amount attributed to him for the purpose of exceeding the maximum guideline sentence for his conviction for conspiracy to possess with intent to distribute heroin and cocaine in violation of 18 U.S.C. § 846 was never determined by a jury. As such, he asserts the BOP is holding him on the basis of an illegal sentence. (Doc. 7).

The amendment will be denied as futile. The sentencing court and the Fourth Circuit Court of Appeals already addressed the issue Mr. Gibson seeks to include on two separate occasions. The first review of this claim occurred when Mr. Gibson challenged the district court's reimposition of Mr. Gibson's life sentence. The Fourth Circuit Court of Appeals held that "[n]either Gibson nor Blue made an *Apprendi*-type argument at trial or during the original sentencing proceedings ... our review of the record leads us to conclude that, although drug quantity was not charged in the indictment or submitted to the jury, the imposition of life sentences did not affect the fairness, integrity, or public reputation of judicial proceedings because the evidence of drug quantity in these cases was overwhelming and essentially uncontroverted." *United States v. Blue*, 85 F. App'x at 906. Later, Mr. Gibson filed a 60(b) motion alleging that the sentencing court "had a duty to apply an establish [sic] substantive law having retroactive application to Petitioner reviewed on collateral review." *Gibson v. United States*, Civ. No. PJM-09-1913, 2009 WL 2398885 (D. Md. Jul. 28, 2009). The sentencing court held the motion to be a successive § 2255 petition as Mr. Gibson "clearly attempts to challenge his sentence by revisiting issues already determined on the merits." (*Id*.) The Fourth Circuit Court of Appeals affirmed the

-9-

district court's findings and denied "authorization to file a successive § 2255 motion" based on the issues involved. *United States v. Gibson*, 359 F. App'x 397-398 (4th Cir. 2009). Accordingly, to allow the amendment would be futile for the same reasons his § 2241 petition is subject to dismissal.

### C. Motions for Judgment

Mr. Gibson has filed four motions for judgment urging the Court to rule on his habeas corpus petition. Our decision today makes those motions moot.

An appropriate order follows.

        /s/ A. Richard Caputo
        **A. RICHARD CAPUTO**
        **United States District Judge**

**Date: April 10 , 2013**